**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINTO MINTO, AKA Minto,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>RAMON C. MAFNAS, Commissioner of<br>CNMI Dept. Of Corrections,<br><br>    Respondent - Appellee. | No. 13-16566<br><br>D.C. No. 1:13-cv-00002<br><br>MEMORANDUM[*] |

Appeal from the District Court for the Northern Mariana Islands
Frances Tydingco-Gatewood, District Judge, Presiding

Argued and Submitted October 9, 2014
Honolulu, Hawaii

Before: TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

   Petitioner–Appellant Minto appeals the district court's denial of his 28

U.S.C. § 2254 habeas petition challenging the sufficiency of the evidence to

support his conviction for conspiring to violate and soliciting a violation of the

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

marriage fraud law of the Commonwealth of the Northern Mariana Islands ("NMI"), 3 CMC § 4366. Specifically, Minto asserts that there was insufficient evidence of *mens rea* presented at his trial. We affirm.

When evaluating a challenge to the sufficiency of the evidence, a court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This is a "deferential" standard. *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011). Our review here is doubly deferential because it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] The NMI Supreme Court determined that there was sufficient evidence to convict Minto; under AEDPA we may not grant relief unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the

---

[1] AEDPA applies to the NMI as a federal law generally applicable to the several states. *See U.S. ex rel. Richards v. Leon Guerrero*, 4 F.3d 749, 756 (9th Cir. 1993).

evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). *See Boyer*, 659 F.3d at 964 ("[W]hen we assess a sufficiency of evidence challenge [by] a state prisoner seeking federal habeas corpus relief subject to the strictures of AEDPA, there is a double dose of deference that can rarely be surmounted.").

At Minto's trial, the jury heard testimony regarding facts and circumstances that supported an inference of knowledge of illegality. Witnesses testified that Minto participated in conversations regarding negotiating marriage for money. The jury also received evidence regarding the relatively large sums of money that were to be paid to Minto in exchange for relatively little work on his part. Viewing the evidence in the light most favorable to the prosecution (as we must under *Jackson*), and with deference to the NMI Supreme Court's decision (as required by AEDPA), it was not objectively unreasonable for the NMI Supreme Court to conclude that the evidence before the jury was sufficient to support Minto's conviction.

Minto also seeks to expand the certificate of appealability to encompass two additional claims: first, that the statute under which he was convicted deprived him of his constitutional rights to due process and equal protection of the laws; and second, that the Consolidated Natural Resources Act of 2008, Pub. L. No. 110–229, 122 Stat. 754, required the abatement of his prosecution. We decline to expand the certificate of appealability because no "substantial showing of the

3

denial of a constitutional right" has been made with respect to either claim. 28

U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AFFIRMED.**